(C.D. 3271)

Howard Hartry, Inc., a/c California Hay Co. *v.* United States

United States Customs Court, First Division

(Decided February 1, 1968)

*Stein & Shostak* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

WATSON, Judge: This suit has been submitted for decision on the following agreement between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as follows:

1. That the merchandise covered by the entry and protest enumerated in Schedule A annexed hereto and made a part hereof, and assessed with duty at 10% ad valorem under Item 799.00 of the Tariff Schedules of the United States, consists of seaweeds, crude, ground or pulverized (kelp meal).

2. That said protest is abandoned as to all other merchandise.

3. That the merchandise covered by the entry enumerated in Schedule A annexed hereto was entered or withdrawn from warehouse after August 31, 1963, the effective date of the Tariff Schedules of the United States, and before December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241.

4. That said protest was filed on the entry enumerated in said Schedule A, under Section 514 of the Tariff Act of 1930, within 60 days after the dates of liquidation thereof, and that said protest was pending for decision by this Court on October 7, 1965, the date of enactment and/or on December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, 89th Congress.

5. That within 120 days after the date of enactment of said Public Law 89–241, a request was filed with the Collector of Customs at the port of entry, for liquidation or reliquidation of the entry enumerated in Schedule A and for classification of said merchandise at free of duty under Item 192.05 of the Tariff Schedules of the United States as amended by Section 8 of said Public Law 89–241.

6. That the protest enumerated in the annexed Schedule of Cases may be submitted on this stipulation, the same being limited to the merchandise as aforesaid.

Accepting this stipulation as a statement of fact, we hold the merchandise covered by the entry and protest enumerated in schedule A, annexed hereto and made a part hereof, properly free of duty under item 192.05 of the Tariff Schedules of the United States, as amended, as seaweeds, crude, ground, or pulverized (kelp meal), as claimed.

To the extent indicated the protest is sustained. In all other respects and as to all other merchandise, all the claims are overruled.

Judgment will issue accordingly.